[Criminal No. 758. Filed February 23, 1932.]

[8 Pac. (2d) 247.]

CAYETANO TOVAR, Appellant, v. STATE, Respondent.

Mr. William J. Fellows, for Appellant.

Mr. K. Berry Peterson, Attorney General, for the State.

PER CURIAM.—Cayetano Tovar was convicted in the superior court of Maricopa county of the crime of murder in the second degree, and was sentenced to serve not less than ten nor more than eleven years in the state prison. From such judgment an appeal was taken, and the record and reporter's transcript of the proceedings in the lower court were filed in this court on June 1, 1931, but appellant's counsel has taken no further action in the premises, and on motion of the state the case was finally ordered submitted on the record.

We have examined the record for fundamental error, and find none therein, so that the judgment, under our rule, must necessarily be affirmed. We desire, however, in this connection again to make reference to a serious abuse in the practice of criminal law which has grown up in this state.

Between July 1, 1929, and July 1, 1931, fifty-two criminal appeals were filed in this court. Of these, twenty-seven have been submitted on the record, no briefs having been filed by counsel for appellants. Twenty-six of the cases so submitted were brought into this court on paupers' affidavits, and in twenty-three of them a reporter's transcript was filed, paid for by the county from which the case came. In our opinion this discloses a situation which demands the attention of the proper authorities of the different counties and perhaps that of the Grievance Committee of the Bar Association, and the legislature.

When a defendant has been convicted on a criminal charge, if his counsel honestly believes there is sufficient error in the record to cause a reversal of the case, our beneficent statute (Rev. Code 1928, § 5141) allows an appeal to be taken without the payment of costs in this court if the defendant is unable to pay them, and the reporter's transcript of the evidence is furnished at the expense of the county. This is

legitimate under such circumstances, and none would offer criticism, provided the attorney for the defendant honestly and faithfully does his duty in the premises by presenting to this court in as thorough a manner as possible the points on which his appeal is based.

If, however, the attorney does not honestly believe that there is merit in the appeal to the extent that he is willing at least to file a brief in support thereof, he is guilty of a serious violation of professional conduct, which might justify disciplinary action by this court, and if, as the foregoing statement of facts in regard to appeals might justify the belief, the notice of appeal is filed for other reasons than a hope for a reversal of the case, the situation is indeed far more serious, perhaps necessitating action by the legislature to prevent the abuse of the privilege heretofore granted. The expense of such proceedings to the counties is great, in some cases amounting to hundreds of dollars, and is only legitimate when counsel are actuated solely by proper motives and are willing to do their part to justify it.

This is not the first nor the second time we have had occasion to refer to this condition; we trust it will not be necessary for us to act.

The judgment is affirmed.